## REUBEN COLBURN *versus* TIMOTHY GOULD.

If a creditor agree with his insolvent or embarrassed debtor, that if he will procure the security of a friend for a certain part of the debt, he will release the residue, and the debtor performs the agreement, it constitutes a valid contract; and if such debt is due on a judgment on which a writ of execution had issued, and the creditor enforces payment by a levy of the execution, the debtor may recover damages for the violation of the contract, by a suit.

THIS was an action of assumpsit. The declaration alleges that *Gould* had recovered a judgment against *Colburn*, and sued out a writ of execution thereon, and that it was afterwards agreed between *Gould* and *Colburn*, that if *Colburn* would procure a friend to give security for a certain part of the debt, that *Gould* would, upon receiving such security, release the residue; that in pursuance of their agreement, *Colburn* procured one *Towne* to make his promissory note to *Gould* for the sum agreed, which note *Colburn* delivered to *Gould*, who accepted it. *Gould* endorsed the amount of the note on the execution, but refused to release the remainder of the debt according to the agreement, and afterwards put the execution into the hands of a sheriff, who by his direction levied the undischarged balance. To this declaration the defendant demurs.

*Heald* for the plaintiff.

*Upham* for the defendant.

*BELL, J. The defendant in support of his demurrer contends that the plaintiff's cause of action rests solely on a naked promise to discharge the whole of a debt upon the payment of a part of it. Such promise, it is truly said, is without consideration—a mere *nudum pactum*, and void. It was so decided in 1*st Str.* 436. *Cumber* vs. *Wane.*—2 *Term Rep.* 24. *Heathcote* vs. *Crookshanks*, and 5 *Rep.* 237. *Pincel's case.*

The cause of action stated in the plaintiff's declaration is altogether different from what the defendant supposes it.—It is not the case of a promise to receive payment of a part of a debt in satisfaction of the whole ; but a promise to accept the satisfactory security of a friend of the debtor for a part of the debt, as a consideration for what the facts of the case show was considered as a doubtful security for the whole. To the validity of such a contract there is no legal objection. The promissory note given by the friend of *Colburn* to *Gould* upon the faith of his promise to discharge the residue of the debt, was a good consideration for *Gould's* promise. The acceptance of the note by *Gould* was an execution of the agreement, and his collection of the remaining part of the execution was a fraud upon *Towne*, who gave the promissory note to *Gould* under the impression, that by doing so he had relieved his embarrassed friend from the whole of this debt. It was an injury to *Colburn* which the law is competent to redress.

When a creditor and his insolvent or embarrassed debtor agree that if the debtor will procure a solvent friend to give his security for a part of the debt, that the creditor will release the residue, and upon the faith of that agreement a friend is induced to give such security, the contract is valid, and the law will not suffer the creditor to violate it with impunity.—*Steinman & al.* vs. *Magnus.* 11 *East.* 370.—*Jackson* vs. *Duchaire.* 3 *Term Rep.* 552.—*Cockshott* vs. *Bennett.* 2 *Term Rep.* 764.—*Jackson* vs. *Lomas.* 4 *Term Rep.* 168.—*Smith* vs. *Bromley, Doug.* 671.

*Judgment that the declaration is sufficient, &c.*

* Justice WOODBURY having been of counsel did not sit in this case.